UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-81684-MARRA/MATTHEWMAN

HOWARD COHAN,

    Plaintiff,

vs.

WEST ATLANTIC COMMERCIAL PROPERTIES, LTD.,
d/b/a THE BIG APPLE SHOPPING BAZAAR,

    Defendant.
_____/

## **FINAL DEFAULT JUDGMENT**

This cause is before this Court pursuant to Plaintiff's Motion for Entry of Final Default Judgment [D.E 11] filed on November 28, 2016. Plaintiff relies upon the record of this case, the Declaration submitted and an Affidavit of Time and Costs. Defendant, WEST ATLANTIC COMMERCIAL PROPERTIES, LTD. d/b/a THE BIG APPLE SHOPPING BAZAAR ("Defendant"), failed to plead or otherwise defend in this action, resulting in a Clerk's Default being entered against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [D.E. 9]. Upon application of Plaintiff, which contained a Declaration and Affidavit that Defendant is indebted to Plaintiff in the principal sum of Four Thousand Nine Hundred and Fifty-Eight Dollars and Twenty-Eight Cents ($4,958.28) for fees and costs, this Court finds that a

Final Default Judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure is proper, and states as follows:

**I.   Case Procedure.**

1. This action was commenced against Defendant on or about October 4, 2016, when Plaintiff filed a Complaint against Defendant. [D.E. 1]

2. On October 11, 2016, Defendant was served with the Summons and Complaint. [D.E. 7]

3. More than twenty-one (21) days elapsed since the date upon which service of the Summons and Complaint was effectuated.

4. Neither Plaintiff nor the Court granted Defendant any extension of time to respond to the Complaint.

5. Defendant failed to answer or otherwise respond to the Complaint, or serve a copy of any answer or other response upon Plaintiff's attorneys of record.

6. On November 17, 2016 Plaintiff filed a Motion for Clerk's Default and served a copy of said Motion upon Defendant's Registered Agent. [D.E. 8]

7. The Court Clerk entered default against Defendant on November 18, 2016 [D.E. 9].

8. Defendant has not contacted undersigned counsel or taken any steps to set aside the Clerk's Default.

9. Based on the above, Plaintiff respectfully request that a Final Default Judgment be entered against Defendant.

## II. Factual History

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. Defendant is the lessee, operator, owner and/or lessor of the real property that is subject to this suit, and is located at 5283 W. Atlantic Avenue, Delray Beach, FL 33484 ("Premises") and is the owner of the improvements where the Premises is located. The Premises consists of a bazaar, to wit: The Big Apple Shopping Bazaar, and qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's initial visit to the Premises on September 17, 2016 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA. While at the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide an accessible men's restroom and accessible bar ("Violations"). The specific Violations as alleged in the Complaint are as follows:

a. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in the restaurant seating area in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.

3

b. Failure to provide sinks and/or countertops greater than 34 inches high or providing the same without clear space underneath to allow for knee or toe clearance in the men's general restroom in violation of 2010 ADAAG §§ 305, 306, 606, 606.2 and 606.3.

c. Failure to provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor in the men's general restroom in violation of 2010 ADAAG §§ 605 and 605.2.

d. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in the men's general restroom in violation of 2010 ADAAG §§ 603 and 603.3.

e. Failure to provide paper towel dispenser at the correct height above the finished floor in the men's general restroom in violation of 2010 ADAAG §§ 606, 606.1 and 308.

f. Failure to provide soap dispenser at the correct height above the finished floor in the men's general restroom in violation of 2010 ADAAG §§ 606, 606.1 and 308.

g. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in the men's general restroom in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

h. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in in the men's general restroom in violation of 2010 ADAAG §§ 306, 306.1 and 306.3.

i. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in the men's general restroom in violation of 2010 ADAAG §§ 306, 306.1, 306.2 and 306.2.1.

j. Failure to provide the correct opening width for a forward approach into a urinal or stall in the men's general restroom in violation of 2010 ADAAG §§ 305, 305.7.1, 404 and 605.3.

k. Failure to provide grab bar(s) in the men's restroom accessible stall in violation of 2010 ADAAG §§ 604, 604.5, 609 and 609.4.

l. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in the men's restroom accessible stall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1, 604.5.2, 609 and 609.3.

m. Failure to provide grab bars of improper horizontal length or spacing on the back or side wall in the men's restroom accessible stall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1, 604.5.2, 609 and 609.4.

n. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished

5

      floor in the men's restroom accessible stall in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

o. Failure to provide a coat hook within the proper reach ranges for a person with a disability in the men's restroom accessible stall in violation of 2010 ADAAG §§ 603, 603.4 and 308.

p. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in the men's restroom accessible stall in violation of 2010 ADAAG §§ 603 and 603.3.

q. Failure to provide toilet cover dispenser at the correct height above the finished floor in in the men's restroom accessible stall in violation of 2010 ADAAG §§ 606, 606.1 and 308.

r. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in the men's restroom accessible stall in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

s. Failure to provide flush controls located on the open side of the water closet in the men's restroom accessible stall in violation of 2010 ADAAG §§ 604 and 604.6.

t. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in the men's restroom accessible stall in violation of 2010 ADAAG §§ 306, 306.1 and 306.3.

> u. Failure to provide proper toe clearance for a person with a disability under a counter or sink element in the men's restroom accessible stall in violation of 2010 ADAAG §§ 306, 306.1, 306.2 and 306.2.1.

Plaintiff intends to return to and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violations that exist at the Premises was done in violation of the ADA and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

## III. Legal Standard.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). *DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

7

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (*citing* *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Id.* A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

## IV. Discussion.

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA. *Nokunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 6]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operates a place of public accommodation. [D.E. 1 at ¶ 4]. Here, Defendant is operating a place of public accommodation, as the Premises is used as a cigar lounge and tap house, and thus Defendant was required to rectify the Violations and maintain the Premises in compliance with the ADA. *See* 42 U.S.C. §1281(7)(A). Finally, Plaintiff alleges that Defendant discriminated against

8

him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 1 at ¶¶ 22 and 23]. Plaintiff has clearly stated a claim for relief under the ADA.

Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. <u>Stringham v. 2921 Orlando Drive, LLC</u>, 2014 WL 2215769 (M.D. Fla. 2014) (citing <u>Shotz v. Cates</u>, 256 F. 3d 1077, 1081 (11th Cir. 2001). Here, Plaintiff alleges that if Defendant modifies the Premises to comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 7, 8, 9, 10 and 12]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself of the services offered at the Premises in the future, provided that Defendant modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶ 7, 8, 9, 10 and 12]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at the Premises. Plaintiff is clearly entitled to the relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

**V.     Damages**

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations at said Premises so that the Premises is in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendant to alter the Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of Four Thousand Nine Hundred and Fifty-Eight Dollars and Twenty-Eight Cents ($4,958.28). As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

**It is ORDERED and ADJUDGED**, that:

1.     Plaintiff's Motion for Default Final Judgment is GRANTED.

2.   Plaintiff, HOWARD COHAN, shall recover from Defendant, WEST ATLANTIC COMMERCIAL PROPERTIES, LTD. d/b/a THE BIG APPLE SHOPPING BAZAAR, the sum of Four Thousand Nine Hundred and Fifty-Eight Dollars and Twenty-Eight Cents ($4,958.28), for attorneys' fees and costs plus interest according to law from the date of this Judgment until the entire amount is paid, for which let execution issue forthwith.

3.   Defendant shall alter its Premises within six (6) months of the date of this Judgment to make said Premises accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following specific ADA Violations:

   a. Provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in the restaurant seating area in compliance with 2010 ADAAG §§ 902, 902.2, 305 and 306.

   b. Provide sinks and/or countertops greater than 34 inches high or providing the same without clear space underneath to allow for knee or toe clearance in the men's general restroom in compliance with 2010 ADAAG §§ 305, 306, 606, 606.2 and 606.3.

   c. Provide a urinal designed for a person with a disability where the rim height is no more than 17 inches from the finished floor

  in the men's general restroom in compliance with 2010 ADAAG §§ 605 and 605.2.

d. Provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in the men's general restroom in compliance with 2010 ADAAG §§ 603 and 603.3.

e. Provide paper towel dispenser at the correct height above the finished floor in the men's general restroom in compliance with 2010 ADAAG §§ 606, 606.1 and 308.

f. Provide soap dispenser at the correct height above the finished floor in the men's general restroom in compliance with 2010 ADAAG §§ 606, 606.1 and 308.

g. Provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible restroom facility in the men's general restroom in compliance with 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

h. Provide proper knee clearance for a person with a disability under a counter or sink element in in the men's general restroom in compliance with 2010 ADAAG §§ 306, 306.1 and 306.3.

i. Provide proper toe clearance for a person with a disability under a counter or sink element in the men's general restroom in

      compliance with 2010 ADAAG §§ 306, 306.1, 306.2 and 306.2.1.

j. Provide the correct opening width for a forward approach into a urinal or stall in the men's general restroom in compliance with 2010 ADAAG §§ 305, 305.7.1, 404 and 605.3.

k. Provide grab bar(s) in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 604, 604.5, 609 and 609.4.

l. Provide the proper spacing between a grab bar and an object projecting out of the wall in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 604, 604.5, 604.5.1, 604.5.2, 609 and 609.3.

m. Provide grab bars of improper horizontal length or spacing on the back or side wall in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 604, 604.5, 604.5.1, 604.5.2, 609 and 609.4.

n. Provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 604, 604.7 and 309.4.

o. Provide a coat hook within the proper reach ranges for a person with a disability in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 603, 603.4 and 308.

p. Provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 603 and 603.3.

q. Provide toilet cover dispenser at the correct height above the finished floor in in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 606, 606.1 and 308.

r. Provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.

s. Provide flush controls located on the open side of the water closet in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 604 and 604.6.

t. Provide proper knee clearance for a person with a disability under a counter or sink element in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 306, 306.1 and 306.3.

u. Provide proper toe clearance for a person with a disability under a counter or sink element in the men's restroom accessible stall in compliance with 2010 ADAAG §§ 306, 306.1, 306.2 and 306.2.1.

4. The judgment debtor(s) shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within forty-five (45) days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor(s) to complete Form 1.977, including all required attachments, and serve it on the judgment creditor's attorneys or the judgment creditor if the judgment creditor is not represented by an attorney.

5. The Clerk is directed to close this case and terminate any pending motions as moot.

**DONE AND ORDERED** in chambers, at West Palm Beach, Florida, this _19th_ day of _December_, 2016.

                                              KENNETH A. MARRA
                                              UNITED STATES DISTRICT JUDGE